# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMEL WHITESIDE,

    Plaintiff,

v.                                                                                      Case No. 11-C-1079

CAPTAIN MORGAN,

    Defendant.

## SCREENING ORDER

       The plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This Court ordered Plaintiff to pay an initial partial filing fee of $17.46. When it appeared the payment had not been received, I ordered the case dismissed. Plaintiff subsequently moved to reopen on the grounds that the fee had, in fact, been paid. A photocopy of the check from his prison has been attached. It appears that the check was received but was not recorded as being received, and so the dismissal was improper. The motion to reopen is therefore **GRANTED**. I will thus proceed to screen the case. Because it was somewhat unclear from the complaint what plaintiff was alleging, I conducted a video merit review hearing to assist in the screening effort. Plaintiff's statements clarifying his allegations also form the basis of my conclusion that his case should proceed.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.*"* *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must

be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The complaint is unclear as to what precisely Plaintiff is claiming, and for that reason the Court conducted a merit review hearing as part of its screening process. In essence the complaint alleges that Plaintiff was subjected to excessive force after he questioned various prison guards' instructions. He asserts that he has a medical condition that precludes him from wearing certain prison gear, including boots, and that when he objected to the guard's instruction to don his boots (which he did not have), he was subjected to excessive force by another guard (Pitzen) who grabbed

3

him and threw him to the floor. This states a claim for a violation of the Eighth Amendment against Pitzen.

The complaint, however, does not allege that the other defendants directly engaged in similar behavior. The remaining defendants, as well as Officer Pitzen, are alleged, however, to have ignored plaintiff's explanation that he was provided a medical restriction because of his partial paralysis that allowed him to wear non-prison issued footwear, including a brace for his leg, and to be restrained only in front, as opposed to restraining his arms in back of his torso. Plaintiff alleges he was improperly punished for failing to do what his medical condition prevented him from doing. While the precise involvement of each of the defendants differs, I am satisfied at least for screening purposes that plaintiff has sufficiently stated a deliberate indifference claim against the defendants that his case should go forward on that claim as well.

Accordingly, the case will proceed with an excessive force claim against CO Pitzen and a claim for deliberate indifference to serious medical needs against all of the named defendants.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED**. The motion to reopen is also **GRANTED**.

**IT IS FURTHER ORDERED** that the case will proceed as to all of the defendants.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

4

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court - WIED
>United States Courthouse
>125 S. Jefferson St., Suite 102
>Green Bay, Wisconsin 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that it will not be necessary to send a copy of papers or documents filed with the court to the attorney for the opposing parties. Documents filed with the court will be electronically filed and the Notice of Electronic Filing will constitute service upon the defendants

pursuant to Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3).  The plaintiff should retain a personal copy of each document.

Dated at Green Bay, Wisconsin, this   29th   day of May, 2012.

s/ William C. Griesbach
William C. Griesbach
United States District  Judge